UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                                    :
ANTHONY KERR,                                       :
                                                    :        Civil Action No. 08-3660(KSH)
                                                    :
            Plaintiff,                              :
                                                    :
      v.                                            :ORDER ON INFORMAL APPLICATION &
                                                    :FIFTH AMENDED PRETRIAL
                                                    :SCHEDULING ORDER
CITY OF NEWARK, et al.,                             :
                                                    :
            Defendants                              :
_____:

      **THIS MATTER** having come before the Court for a settlement conference on August 6,
2009; and the parties having discussed various terms of a proposed resolution; and it appearing
that additional time is needed to provide a revised agreement, and, if signed, seek municipal
approval; and it appearing that adjusting the pretrial discovery deadlines will enable the parties to
continue their efforts to resolve the case without incurring unnecessary expenses; and for the
reasons discussed on the record; and for good cause shown,

      **IT IS THEREFORE on this 6th day of August, 2009,**

      **ORDERED THAT:**

      1.  The parties' request to extend the pretrial deadlines is granted as set forth herein;

      2.  No action will be taken on the letter dated June 9, 2009 and any request for relief shall
be re-submitted no later than **September 10, 2009**;

      3.  No later than **deadline passed,** the police officer defendants shall produce their
training records and the concise officer history that discloses only: (1) the number of events listed
on the history; (2) entries that involve challenges to the officer's credibility and the
disposition/status; and (3) domestic violence entries and the disposition/status.  The names,
addresses, and identifiers of witnesses, victims, and complainants may be redacted as well as all
other entries on the history.  The report shall be attorneys and experts' eyes only;

      4.  The request to disclose the concise officer history for nonparties is denied as it was not
the subject of a discovery demand;

      5.  The parties shall confer no later than **deadline passed** to resolve all discovery disputes
presented by the demands that have been served, including the request for all IAD files, Comstat

reports, corruption investigations since 1990, complaints of employment discrimination, desk blotter for medical services, and IFP client list;

6.  No later than **deadline passed**, plaintiff shall: (1)  submit a letter that sets forth the dates that all counsel have agreed to reserve for depositions in this case; and (2) advise defendants if Ms. Bright has consented;

7.  No later than **deadline passed**, the individual defendants shall provide supplements to their Rule 26(a) disclosures that specify/describe the documents that they believe are responsive to their obligations under Rule 26 but are in the possession of the City or Police Department.

8.  Defendants shall provide plaintiff with a revised settlement agreement no later than **August 13, 2009**.  The plaintiff shall provide a signed agreement or written comments no later than **August 21, 2009**.  If the parties seek to have the resolution presented at the City council's September 2, 2009 meeting, then a fully executed agreement shall be provided to defendant City of Newark no later than **August 28, 2009 at noon.**

## IT IS FURTHER ORDERED THAT:

### I.  COURT DATES

1.      There shall be a telephone status conference before the Undersigned on **TO BE SET IF REQUESTED.**  City of Newark shall initiate the telephone call.

2.      If the parties have not reached an agreement by August 25, 2009, then **August 25, 2009 at 3:00 p.m.**, there will be a settlement conference before the Undersigned.  Trial Counsel and clients with full settlement authority must attend the conference.  If the trial counsel **and** client with full settlement authority do not appear, the settlement conference may be cancelled or rescheduled and the noncompliant party and/or attorney may be sanctioned, which may include an assessment of the costs and expenses incurred by those parties who appeared as directed.

3.      A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **December 4, 2009 at 1:30 p.m.**  The Final Pretrial Conference will occur even if there are dispositive motions pending.  The Court will adjourn the Final Pretrial conference only if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

### II.  DISCOVERY AND MOTION PRACTICE

4.      a. Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **deadline passed.** The Rule 26 disclosures shall include: (a) a summary of the topics about with the persons listed have knowledge; and (b) the plaintiff's factual basis/explanation for the allegations made against each defendant.

b. No later than **deadline passed**, the parties shall submit a proposed discovery

confidentiality order and certification as required by Local Civ. R. 5.3.[1]

     5.     Discovery necessary to engage in meaningful settlement discussions: **none**.

     6.     The parties may serve interrogatories limited to **25** single questions including subparts and requests for production of documents on or before **deadline passed,** which shall be responded to no later than **deadline passed.**

     7.     a. Absent agreement of counsel or leave of Court, the number of depositions to be taken by each side shall not exceed 15 so long as all such depositions can be completed by the deadline set forth herein. No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. See Fed. R. Civ. P. 32(d) (3) (A). No instruction not to answer shall be given unless a privilege is implicated. The depositions shall be completed no later than **October 15, 2009**.

     b. Absent an agreement of counsel or leave of court, the City is provided two days to depose the plaintiff and each counsel for the other defendants may each depose the plaintiff for one day. The one day/seven rule will not apply to the deposition of Ms. Bright.

     8.     Fact discovery is to remain open through **October 15, 2009**. No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

     9.     Counsel shall confer in a good faith attempt to informally resolve any and all discovery disputes before seeking the Court's intervention. Should such informal effort fail to resolve the dispute, the matter shall be brought to the Court's attention in the first instance via a joint letter that sets forth: (a) the request, (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believes the response is sufficient. No further submissions regarding the dispute may be submitted without leave of Court. If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

     No discovery motion or motion for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth in these paragraphs without prior leave of Court.

     Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court no later than **September 10, 2009 at noon**. The Court will not entertain applications concerning discovery matters, informally or otherwise, after this date. If an unresolved dispute arises at a deposition, then the parties shall contact the Chambers of the Undersigned for assistance during the deposition.

     10.     Any motion to amend the pleading or join parties shall be filed no later than **deadline**

---

[1] If a party seeks to file under seal information submitted in connection with a request for non-discovery relief, then the party shall: (1) consult Local Civ. R. 5.3 and (2) contact the Chambers of the Undersigned for instructions regarding the format for presenting such a motion.

**passed.**

11.     All dispositive motions shall be discussed in advance of filing with the Undersigned either in person or by teleconference.

If leave is granted to file a summary judgment motion, the following protocol shall apply:

a.  Each motion for summary judgment shall be supported by a <u>separate</u>, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried.  Each fact asserted in the statement shall be supported by a record citation.  A "record citation" is a citation to a specific page or paragraph of identified record material supporting the assertion.

b.  Each response in opposition shall be accompanied by a <u>separate</u>, short, and concise statement of material facts.  The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation.  The opposing statement may contain in a separate section additional facts, set forth in separate numbered paragraphs and supported by a record citation.

c.  In the event a party seeks to submit a reply, the party shall file a formal request for permission to do so within the time period provided by Local Rule, attaching the proposed reply. Accompanying the proposed reply shall be a <u>separate</u>, short, and concise statement of material facts <u>which shall be limited to any additional facts submitted by the opposing party.</u>  The reply statement shall admit, deny or qualify such additional facts by reference to the numbered paragraphs of the opposing party's statement of material facts, and unless a fact is admitted, shall support each denial or qualification by a record citation.

d.  Facts contained in a supporting or opposing statement of material facts, if supported by record citations, shall be deemed admitted unless properly controverted.  The Court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment.  The Court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.

e.  Local Rules governing electronic filing and length, font-size, and format of moving, opposing and reply briefs shall continue to apply as appropriate.  Parties shall provide the Court with two hard copies of all submissions by delivering same to the Clerk's Office, Attention Judge Katharine Hayden.

## III.  EXPERTS[2]

12.     All affirmative expert reports shall be delivered by **October 22, 2009.**

---

[2]Information shall be provided to the experts on a rolling basis.

13.　All responding expert reports shall be delivered by **November 22, 2009.**

14.　a.  All expert reports are  to be in the form and content as required by Fed. R. Civ. P. 26(a) (2)(B).  No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the experts report.

　　b.  All expert depositions shall be completed by **December 15, 2009.**

## IV.  FINAL PRETRIAL CONFERENCE

15.　A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **December 4, 2009**  at **1:30 p.m.**   The Final Pretrial Conference will occur even if there are dispositive motions pending.   The Court will adjourn the Final Pretrial conference only if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

16.　Not later than **20 working days**  before the pretrial conference, the parties shall exchange copies of all proposed trial exhibits.  Each exhibit shall be pre-marked with an exhibit number conforming to the party's exhibit list.

17.　All counsel are directed to assemble at the office of Plaintiff's counsel not later than **ten (10) days** before the pretrial conference to prepare the proposed Joint Final Pretrial Order in the form and content required by the Court.  Plaintiff's counsel shall prepare the Joint Pretrial Order and shall submit it to all other counsel for approval and execution.

18.　With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

19.　The original joint proposed final pretrial order shall be delivered to the CHAMBERS of the Undersigned no later than **November 30, 2009 at 3:00 p.m**.  All counsel are responsible for the timely submission of the Order.

20.　The Court expects to engage in meaningful settlement discussions at the final pretrial conference.  Therefore, trial counsel who actually has full settlement authority must attend the conference and clients or other persons with full settlement authority must be available by telephone.

## V.  MISCELLANEOUS

21.　The Court may from time to time schedule conferences as may be required, either sua sponte or at the request of a party.

22.　Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.  Any request to extend any deadline or to adjourn a court event shall be made no later than three days before the scheduled date and shall reflect: (1) the good cause the requesting

party believes supports the extension or adjournment and (2) whether or not all parties consent to the request.  Absent unforeseen emergent circumstances, the Court will not entertain requests to extend deadlines that have passed as of the date of the request.  Absent unforeseen emergent circumstances, the Court will not entertain requests to extend deadlines that have passed as of the date of the request.

23.    A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action.  Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

24.    Absent permission from Chambers, communications to the Court by facsimile will not be accepted.  All communications to the Court shall be in writing or by telephone conference.

25.    **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER  MAY RESULT IN SANCTIONS.**

**s/Patty Shwartz**
**UNITED STATES MAGISTRATE JUDGE**
